| | |
|---|---|
| United States Bankruptcy Court<br>Southern District of New York | **PRESENTMENT DATE: 7/21/09** |

-------------------------------X
In Re:                                    Case No. 09-13113-ALG
                                          Chapter 7
    Ronald J. Torres,

        Debtor.
-------------------------------X

## NOTICE OF PRESENTMENT

    **PLEASE TAKE NOTICE,** that an order, a true copy of which is annexed hereto, will be presented for signature to the Honorable Allen L. Gropper, U.S. Bankruptcy Judge, on the 8th day of July 21, 2009 in the Judge's Chambers, United States Bankruptcy Court, Alexander Hamilton Customs House, One Bowling Green, New York New York 10004.

    No hearing will be conducted on this date-written objections or counter-orders must be submitted to Chambers by no later than close of business one day prior to the presentment date. **THEREFORE NO APPEARANCE IS REQUIRED**

    OBJECTIONS TO PROPOSED ORDER:

    All objections to a proposed order MUST HAVE the presentment date of the original notice typed or written, on the first page, in the upper right-hand corner of the document.

    COUNTER-PROPOSED ORDERS:

    All counter-proposed orders should be clearly denominated as such, with the presentment date of the original proposed order in the upper right-hand corner of the first page. A copy of a transcript, if a hearing was held must be submitted with the counter-proposed order.

Dated:    Garden City, New York
        June 17, 2009
                BERKMAN, HENOCH, PETERSON & PEDDY, P.C.
                Attorneys for BAC Home Loans Servicing, L.P.
                f/k/a Countrywide Home Loans Servicing, L.P.
                100 Garden City Plaza
                Garden City, New York 11530
                (516) 222-6200

                By: \s\ Bruce D. Mael

Bruce D. Mael, Esq. (BDM 8038)

```
TO:  Ronald J. Torres
     Debtor
     243 West 54th Street, Apt. 3A
     New York, New York 10019

     Michael  T.  Sucher, Esq.
     Attorney for Debtor
     26 Court St., Ste. 2412
     Brooklyn, New York  11242

     Robert L. Geltzer, Esq.
     Trustee
     Law Offices of Robert L. Geltzer
     1556 Third Avenue, Suite 505
     New York, NY  10128

     Office of the United States Trustee
     33 Whitehall Street, 21st Floor
     New York, New York 10004
```

United States Bankruptcy Court
Southern District of New York
---------------------------------X
In Re:                                    CASE NO. 09-13113-ALG
                                          CHAPTER 7
       Ronald J. Torres,

                 Debtor.
---------------------------------X

**APPLICATION OF BAC HOME LOANS SERVICING, L.P.
F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P.
IN SUPPORT OF AN ORDER
<u>MODIFYING AND TERMINATING THE AUTOMATIC STAY</u>**

**TO:    THE HONORABLE ALLAN L. GROPPER
        UNITED STATES BANKRUPTCY JUDGE**

The Application of BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ("Applicant") by its attorneys, Berkman, Henoch, Peterson & Peddy, P.C., respectfully represents and says:

**I.     RELIEF REQUESTED**

1. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure Rules 4001, 9013 and 9014 and Sections 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") for an Order: (i) modifying and terminating the automatic stay to permit Applicant to exercise all of its rights and remedies with respect to certain collateral consisting of the real property known as 24 Bangs Street, Unit 1, Provincetown, Massachusetts 02657 (the "Premises"), owned by Ronald J. Torres (the "Debtor") as more particularly described herein and (ii) granting Applicant such other and further relief

as the Court deems just and proper.

**II.     BACKGROUND**

2.  Applicant is the holder of a Note and Mortgage dated March 12, 2007, in the original principal amount of $202,000.00 covering the Premises.  Copies of the Note and Mortgage are annexed hereto as Exhibit "A".

3. Pursuant to the terms of the Note, monthly payments are to be made to the Applicant.  Debtor defaulted on the February, 2009 payment due under the Note and on each payment due thereafter.

4.  On May 19, 2009, Debtor filed the within petition with the Clerk of this Court under Chapter 7 of the Bankruptcy Code.  Robert L. Geltzer, Esq. is the duly appointed, qualified and acting Trustee in this Chapter 7 case.

**III.       THE APPLICATION**

5.  By this Application, Applicant seeks the entry of an Order modifying and terminating the automatic stay to permit Applicant to exercise all of its rights and remedies with respect to the Premises.

6.  It is respectfully submitted that the facts of the within proceeding dictate that the stay must be vacated for the following reasons, (i) Debtor maintains no equity in the Premises, (ii) the Premises is not necessary for the successful reorganization of the Debtor since this is a Chapter 7

proceeding, and (iii) Applicant's interest is not adequately protected. Accordingly, the stay must be lifted pursuant to Section 362(d) of the Bankruptcy Code as a continuation of the automatic stay will prejudice both Applicant and the Debtor's other creditors.

7. The liens on the Premises have grown in excess of $257,033.64, which includes Applicant's lien in excess of $207,187.64 and a second mortgage lien in the approximate amount of $49,847.00. The value of the Premises is only estimated to be $240,000.00 as indicated on Debtor's filed Schedules "A" and "D", copies of which are annexed hereto as Exhibit "B".

8. Based on the foregoing, it is evident that Debtor does not maintain equity in the Premises. Consequently, Applicant is entitled to relief from the stay pursuant to Section 362(d)(2)(A) of the Bankruptcy Code.

9. Additionally, by seeking relief under Chapter 7, Debtor is not seeking to reorganize and thus, the Premises is not necessary for a successful reorganization. Therefore, relief from stay is warranted pursuant to Section 362(d)(2).

10. Moreover, Debtor's continued possession of the Premises makes it likely that additional liens will accrue against the Premises as well as making it impossible for Applicant to assure that the Premises will not fall into a state of ruin.

11. Since the Debtor has failed to tender a mortgage payment to Applicant since January, 2009 creating an arrearage of approximately $7,330.80 to date, it is clear that the Debtor has no intention of reaffirming the Debtor's obligation under the Note to Applicant.

12. Accordingly, as Applicant's interest is not adequately protected, Applicant should be granted the relief sought herein pursuant to Section 362(d)(1).

13. Annexed hereto as Exhibit "C" is the Relief from Stay Worksheet, in accordance with Amended General Order M-346, dated January 23, 2008, of the United States Bankruptcy Court for the Southern District of New York.

14. There being no novel issue of law raised herein, Applicant respectfully request that the requirement for a Memorandum of Law pursuant to Local Bankruptcy Rule 9013-1(b) be dispensed with.

**IV. CONCLUSION**

15. Relief from the stay is warranted under Section 362(d). Accordingly, the automatic stay must be modified to permit Applicant to assert its rights in the Premises, including, but not limited to, the consummation of a foreclosure sale.

**WHEREFORE,** it is respectfully requested that the Court enter an Order: (i) modifying and terminating the automatic stay

to permit Applicant to exercise all of its rights and remedies with respect to the Premises; and (ii) granting Applicant such other and further relief as the Court deems just and proper.

Dated:  Garden City, New York
        June 17, 2009

                    BERKMAN, HENOCH, PETERSON & PEDDY, P.C.
                    Attorneys for Applicant
                    100 Garden City Plaza
                    Garden City, New York 11530

                    BY: \s\ Bruce D. Mael
                        Bruce D. Mael, Esq. (BDM 8038)